UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GRANT, KONVALINKA & HARRISON, P.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:07-CV-88 ) |
| UNITED STATES OF AMERICA | ) Chief Judge Curtis L. Collier ) ) |
| Defendant. | ) ) |

**MEMORANDUM & ORDER**

In this appeal from a discovery ruling, Plaintiff Grant, Konvalinka & Harrison contends Magistrate Judge William B. Mitchell Carter erred in denying its motion to compel (Court File No. 24). Defendant United States filed a response in opposition (Court File No. 25). For the following reasons, the Court **AFFIRMS** the Magistrate Judge's decision (Court File No. 21) and **DENIES** Plaintiff's objection (Court File No. 24).

**I. BACKGROUND**

**A. Relevant Facts**

Plaintiff, a law firm, sued the United States seeking a refund and abatement of a penalty issued against it by the Internal Revenue Service. The IRS assessed the penalty because it concluded Plaintiff violated 26 U.S.C. § 6700 by making statements or causing another person to make statements that were false or that the firm should have known were false concerning the tax exempt status of interest earned on certain bonds (the "Bonds").

J.C. Bradford, which issued the Bonds, seven other law firms, and various investors entered into a settlement (the "Closing Agreement") with the IRS in which they agreed to pay the IRS $30,000,000, part of which was a penalty under § 6700. Plaintiff was not a party to the Closing Agreement, and now seeks the Closing Agreement and related information as part of discovery.

**B.     The Discovery Dispute**

Plaintiff asserts the Government must respond to and produce documents in relation to the following discovery requests:

Request for Production 3 ("Request 3"):

If not previously produced, produce any and all documents, including, but not limited to, any closing agreements and/or settlement agreements between you or any other person relative to the [Bonds].

Interrogatory 5:

Identify all discussions, meetings, agreements, correspondence or communications between you and any person relating to the Closing Agreement or the Settlement Agreement concerning the [Bonds].

(Court File No. 15).

Although Request 3 technically asks for "all documents" possessed by the Government, the Magistrate Judge construed it as seeking only documents constituting settlement communications and the Closing Agreement. For Interrogatory 5, Plaintiff essentially seeks a list of information, similar to a privilege log.

Plaintiff filed a motion to compel Defendant's response to Request 3 and Interrogatory 5 (Court File No. 15). Both parties submitted briefs, and the Magistrate Judge conducted a hearing on the motion before issuing his ruling.

**C.     The Magistrate Judge's Decision**

2

The Magistrate Judge first considered Interrogatory 5. Although the United States originally raised numerous objections, they were distilled into two: the information is not relevant and disclosure is prohibited by 26 U.S.C. § 6103. In considering relevance, the Magistrate Judge noted that Rule 408 of the Federal Rules of Evidence restricts the admissibility of evidence related to settlements. The Magistrate Judge stated it was not clear how the identification of the information sought could lead to the discovery of evidence admissible for substantive purposes, and he concluded it was not relevant (Court File No. 21, p. 4). The Magistrate Judge, however, noted that Rule 408 allows evidence of settlement negotiations when used to show a witness's bias or prejudice. But the Magistrate Judge held disclosure of the information for that purpose was barred by 26 U.S.C. § 6103, which prohibits the United States from disclosing tax returns and tax return information. The Magistrate Judge rejected Plaintiff's contention that an exception, contained at § 6103(h)(4)(C), was applicable. The Magistrate Judge reviewed case law and legislative history to determine the exception did not apply when tax return information is used only for impeachment purposes.

The Magistrate Judge then considered Request 3. As with Interrogatory 5, the Magistrate Judge concluded the request for settlement communications and the Closing Agreement was not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it was, disclosure was prohibited by § 6103. In addition, the Magistrate Judge concluded disclosure of settlement communications was also barred by *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003), and the United States did not need to produce a privilege log because the privilege established by *Goodyear* was redundant in this case. Finally, the Magistrate Judge rejected Plaintiff's arguments that the Closing Agreement is not privileged.

## II. STANDARD OF REVIEW

When faced with an objection to the decision of a magistrate judge on a non-dispositive motion, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it 'is left with the definite and firm conviction that a mistake has been committed.'" *Farley v. Farley*, 952 F.Supp. 1232, 1235 (M.D.Tenn. 1997) (citing *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir.1988)) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. DISCUSSION

Plaintiff contends the Magistrate Judge improperly prevented discovery of inadmissible evidence even though that evidence may lead to the discovery of admissible evidence. Defendant contends the Magistrate Judge properly determined the evidence was not reasonably calculated to lead to the discovery of admissible evidence.

While Plaintiff launches this objection regarding only Interrogatory 5, it is also equally valid to Request 3, because the Magistrate Judge relied on the same reasoning in rejecting both of Plaintiff's requests (Court File No. 21, pp. 16-17).

Evidence of compromises and offers to compromise, as well as conduct or statements made in compromise negotiations, is inadmissible to prove liability. Fed. R. Evid. 408. However, Rule 408 does not require exclusion of evidence offered to prove a witness's bias or prejudice. *E.g.*, *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 519 (6th Cir. 2008). But the Magistrate Judge

concluded such evidence in the form of tax return information was barred by 26 U.S.C. § 6103 and therefore none of the evidence sought by Plaintiff would be admissible.

Pursuant to 26 U.S.C. § 6103, the United States is prohibited from disclosing tax returns or return information. However, Plaintiff argues the information sought is exempted under § 6103(h)(4)(C), which permits the disclosure of a tax return or return information in a judicial or administrative proceeding pertaining to tax administration only "if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding."

As the Magistrate Judge noted, four elements are necessary to satisfy this exception, the first three of which the parties agree on. First, the disclosure must occur in a judicial or administrative tax proceeding. Second, a party to the proceeding (in this case, Plaintiff) must have a transactional relationship to the taxpayer whose return information is disclosed (in this case, the other parties to the Closing Agreement). Third, the disclosure must directly relate to the transactional relationship. The fourth element is disputed by the parties. It requires either that the tax return information (as Defendant contends) or the transactional relationship (as Plaintiff contends) directly affect the resolution of an issue in this case. But contrary to Plaintiff's assertion, the Magistrate Judge did not decide this dispute. Instead, he concluded the dispute was immaterial because disclosure of tax return information solely to impeach a witness's credibility is impermissible under either party's interpretation.

The Magistrate Judge was unable to find any cases permitting the disclosure of third party tax return information solely to show bias or prejudice by a witness. Relevant cases always involved tax return information being used to prove a substantive element in a case. Furthermore, the

5

Magistrate Judge's review of legislative history showed that Congress prohibited the disclosure of third party tax return information solely for impeachment purposes.

Thus, based on Fed. R. Evid. 408 and 26 U.S.C. § 6103, it is evident that the information sought by Plaintiff would not be not admissible at trial. This determination does not automatically mean the evidence is not discoverable. As the Magistrate Judge and the parties noted, inadmissible evidence can be relevant for discovery purposes. *See, e.g.*, *Compudyne Corp. v. Shane*, 244 F.R.D. 282, 283 (S.D.N.Y. 2007); *Univ. of Pittsburgh v. Townsend*, 2006 WL 4608612, *3, 2006 U.S. Dist. LEXIS 72523, *7 (E.D. Tenn. Oct. 4, 2006). This is because the scope of discovery is broader than the admissibility standard. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The Magistrate Judge noted that the information sought by Interrogatory 5 or Request 3 would not be admissible and it was not clear to him how the evidence was reasonably calculated to lead to the discovery of evidence admissible for substantive purposes. Plaintiff contends this determination required erroneous speculation as to what might be produced or identified and the information may lead to the discovery of admissible evidence.

But inadmissible evidence will not necessarily lead to the discovery of admissible evidence. *See, e.g.*, *Goodyear Tire & Rubber Co.*, 332 F.3d at 982-83 (concluding there is no reason to believe an inadmissible statement would lead to the discovery of any admissible evidence); *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 464 (M.D. Tenn. 2002) (concluding settlement agreements were

6

not discoverable because the plaintiffs failed to show the agreements were reasonably calculated to lead to admissible evidence).

If a party objects to the relevancy of information sought, as Defendant has done in this case, the party seeking the information bears the burden of showing its relevance. *Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 WL 1959168, *3 n.1, 2007 U.S. Dist. LEXIS 47857, *11 n.1 (W.D. Ky. June 29, 2007) ("It goes without saying, however, that a party seeking the discovery still has the burden of proving that any settlement agreement sought must contain information relevant to the claim or defense of any party and, must be either admissible at trial, or reasonably calculated to lead to the discovery of admissible evidence."); *Allen v. Howmedica Leibinger, Inc.*, 190 F.R.D. 518, 522 (W.D. Tenn. 1999) (citing *Andritz Sprout-Bauer v. Beazer East*, 174 F.R.D. 609, 631 (M.D. Pa. 1997)); *see also Monsanto Co. v. Ralph*, 2001 WL 35957201, 2001 U.S. Dist. LEXIS 26151 (W.D. Tenn. May 9, 2001) (differentiating between instances when discovery sought appears relevant, in which case the party resisting discovery bears the burden of establishing lack of relevance, and instances where the relevancy is not apparent, in which case the party seeking discovery bears the burden); *cf. Toledo Edison Co. v. G A Technologies, Inc., Torrey Pines Technology Div.*, 847 F.2d 335, 339 (6th Cir. 1988) (in evaluating assertions of the work product privilege, the party seeking discovery must first show the information's relevance).

The Closing Agreement, the settlement communications, and all discussions and correspondence regarding settlement are inadmissible. It was not clear to the Magistrate Judge how disclosure of those items would lead to admissible evidence. Thus, the Magistrate Judge concluded the information sought was not reasonably calculated to leave to admissible evidence. Plaintiff contends the information requested "may lead" to the discovery of admissible evidence, but Plaintiff

7

provides no explanation or basis for that bald assertion.  *See Allen v. Howmedica Leibinger, Inc.*, 190 F.R.D. 518, 522 (W.D. Tenn. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990)) (Discovery may be denied "where, in the court's judgment, the inquiry lies in a speculative area.").  Plaintiff, the only party fully knowledgeable of the purpose and intended result of this discovery, is in the best position to articulate an explanation of what admissible evidence it reasonably seeks to discover.  Having failed to show the Magistrate Judge's conclusion was clearly erroneous, Plaintiff's appeal fails.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the Magistrate Judge's decision (Court File No. 21) and **DENIES** Plaintiff's objection (Court File No. 24).

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**